**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRETT ANDREW, a/k/a House of Nelson,

    Plaintiff - Appellant,

v.

LORI TALBOT; KERI ANN YODER;
DONALD CORWIN JACKSON;
ASHLEY MORGAN BURGEMEISTER,

    Defendants - Appellees.

No. 20-1424
(D.C. No. 1:20-CV-01053-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.[**]
_____

Pro se Plaintiff-Appellant brought this action in the District of Colorado seeking

to confirm an alleged $20,000,000 arbitration award under the Federal Arbitration Act.

In a well-reasoned report and recommendation ("R&R"), Magistrate Judge Gallagher

recommended the action be dismissed for lack of subject matter jurisdiction. After

overruling Plaintiff's objections, the district court wholly adopted the R&R and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

dismissed the case. Thereafter, Plaintiff filed four post-judgment motions, each of which the district court denied. This appeal follows.

On appeal, Plaintiff alleges the district court erred in concluding it lacked subject matter jurisdiction because, by his argument, subject matter jurisdiction is provided for in 9 U.S.C. § 9. In his R&R, Magistrate Judge Gallagher expressly addressed and rejected this argument, and we agree with his conclusion. The Federal Arbitration Act does not confer subject matter jurisdiction on federal courts absent an independent jurisdictional basis. *See Comanche Indian Tribe of Okla. v. 49, L.L.C.*, 391 F.3d 1129, 1131 n.4 (10th Cir. 2004). And, as Magistrate Judge Gallagher explained, there are only two statutory bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff presented no basis for jurisdiction under either section in the district court and does not do so on appeal.

Where the district court accurately analyzes an issue, we see no useful purpose in writing at length. We have thoroughly reviewed the record and Plaintiff's appellate brief and discern no reversible error. Therefore, exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM for the same reasons set forth in the R&R and the district court's order adopting the same. Plaintiff's motion to proceed IFP is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

2